UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN CUNNINGHAM, Jr. CDCR # F78919<br><br>                              Plaintiff,<br><br>vs.<br><br><br>ALFONSO RAMOS, Correctional Officer; JESSICA MORA, Correctional Officer,<br><br>                              Defendants. | Case No.:  3:23-cv-00351-JAH-NLS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE** |

On February 21, 2023, Melvin Cunnigham Jr. ("Plaintiff" or "Cunningham"), filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. While he later filed a Prisoner Trust Account Statement on February 24, 2023, the Court dismissed the case on April 25, 2023 without prejudice because Cunningham had failed to either pay the civil filing fee or file a Motion to Proceed in Forma Pauperis ("IFP"). *See* ECF Nos. 3, 5. Cunningham was given forty-five (45) days from the date of the Order to either pay the $402 civil filing fee or file an IFP motion together with a certified trust account statement or prison certificate. ECF No. 5.

/ / /

On June 14, 2023, Cunningham filed an IFP motion, then filed a Prison Trust Account Statement on June 20, 2023. ECF Nos. 6–7. The Court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and on August 7, 2023, issued an Order granting Cunningham's IFP motion, concluding that Cunningham had stated a First and Eighth Amendment claim against Defendant Ramos, and dismissing his claims against Defendant Mora for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Cunningham was given forty-five (45) days from the date of the Order to choose to proceed with his claims against Defendant Ramos only, or file a First Amended Complaint that corrected the deficiencies outlined in the Court's dismissal Order. ECF No. 8.

## I. Discussion

The time for Plaintiff to respond to the Court's Order has passed and the Court has received no communication from Plaintiff. He has not responded to the Court's August 7, 2023 Order, and has not requested an extension of time in which to do. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

The Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to satisfy the filing fee requirement and failure to prosecute this action. The Court **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

Dated: October 27, 2023                 _____
                                        Hon. John A. Houston
                                        United States District Court