UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN CUNNINGHAM, Jr., CDCR #F-78919,<br><br>                      Plaintiff,<br><br>     vs.<br><br>ALFONSO RAMOS, Correctional Officer; JESSICA MORA, Correctional Officer,<br><br>                      Defendants. | Case No.: 3:23-cv-00351-JAH-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS ALLEGED AGAINST DEFENDANT MORA PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS UPON DEFENDANT RAMOS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**[ECF No. 14]** |

      Plaintiff Melvin Lynn Cunningham is a state prisoner proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1 ("Compl.")). Plaintiff is hearing impaired and alleges Richard J. Donovan Correctional Officer Ramos

1

violated his Eighth Amendment rights by using excessive force against him on February 19, 2022, and his First Amendment rights by later filing false disciplinary charges against him in retaliation for reporting the excessive force incident. (*Id*. at 3–5.) Plaintiff's Complaint also alleges Correctional Officer Mora violated his Eighth Amendment and Fourteenth Amendment rights by failing to intervene, and by submitting an incident report that included false accusations of misconduct. (*Id*. at 6.)

I.   PROCEDURAL BACKGROUND

On August 7, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis* and conducted a preliminary screening of his Complaint. (*See* ECF No. 8.) The Court found that although Plaintiff's Complaint passed the "low" screening threshold set by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to his Eighth and First Amendment claims against Officer Ramos, it failed to state any plausible claim for relief against Officer Mora. (*Id*. at 5–8, citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).) Therefore, the Court notified Plaintiff that within 45 days he could either: (1) file a Notice of Intent to Proceed with his excessive force and retaliation claims against only Officer Ramos, *or* (2) file an Amended Complaint re-alleging his claims against Ramos *and* correcting his pleading deficiencies with respect to Officer Mora. (*Id*. at 9.) Plaintiff was further cautioned that any claims not re-alleged in an Amended Complaint would be considered waived; but if in lieu of amendment he instead choose to stand on his Complaint as submitted, the Court would dismiss his inadequately pleaded claims against Defendant Mora and direct the U.S. Marshal to effect service on his behalf only upon Officer Ramos.[1] (*Id.*)

---

[1] After the Court received no timely response from Plaintiff, on October 27, 2023, it initially dismissed the case without prejudice based on his failure to prosecute in compliance with its August 7, 2023 Order. (*See* ECF No. 9 at 2, citing *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal.")). Plaintiff later

On February 1, 2024, Plaintiff filed a Notice of Intent "to proceed with [his] Complaint against A. Ramos alone" *and* requesting "the help of counsel." (*See* ECF No. 14).

## II. REQUEST FOR APPOINTMENT OF COUNSEL

While Plaintiff does not explain the basis for his request for counsel, the Court notes he is indigent and incarcerated. Nonetheless, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).

Districts courts do have discretion pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. However, a finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court acknowledges that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). But that is not the test. Instead, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional

---

filed a letter informing the Court that he was unable to respond due to a cellmate's destruction of his property and requesting "a chance to present his case." (*See* ECF No. 11.) On November 21, 2023, the Court liberally construed Plaintiff's letter as a Motion for Reconsideration, set aside the judgment in light of his pro se status, and granted Plaintiff an extension of time in which to respond to its August 7, 2023 Order. (*Id.* at 2–3.)

circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better–particularly in the realms of discovery and the securing of expert testimony."); *see also Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) ("[N]either indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case.").

As currently pleaded, Plaintiff's Complaint demonstrates an ability to articulate essential facts supporting his excessive force and retaliation claims against Defendant Ramos. Thus, at least at this initial stage of the case, the Court finds Plaintiff appears to have an adequate grasp of the relevant facts and the constitutional bases for his causes of action, both of which are common to prison litigation and relatively straightforward. *See Terrell*, 935 F.2d at 1017. In fact, the Court has already determined Plaintiff's allegations against Officer Ramos are sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. (*See* ECF No. 8 at 5–7; citing *Wilhelm*, 680 F.3d at 1123.) *See also Meeks v. Nunez*, No. 3:13-CV-0973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (denying ADA inmate appointment of counsel where inmate "successfully survived screening," and had submitted motions "drafted with clarity and [asserting] proper arguments."); *Garcia v. Blahnik*, Civil Case No. 3:14-cv-00875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding no "exceptional circumstances warranting a judicial request for a voluntary legal counsel" where Plaintiff's psychiatric disorder and limited access to the law library did not "prevent[] him from filing a well-articulated complaint and other motions with the Court.").

In addition, while Plaintiff may have sufficiently *pleaded* plausible excessive force and retaliation claims against Officer Ramos at this preliminary stage of the proceedings, he has yet to demonstrate and it is too soon to tell whether he is likely to succeed on the merits. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could

articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

Therefore, while Plaintiff has now sufficiently notified the Court that he intends to "proceed with [his] Complaint against A. Ramos and him alone," *see* ECF No. 14 at 1, and the Court will direct the U.S. Marshal to effect service upon Defendant Ramos on Plaintiff's behalf, it finds no exceptional circumstances exist to warrant the appointment of counsel at this time. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION

For the reasons discussed, the Court:

1. **DENIES** Plaintiff's request for appointment of counsel (ECF No. 14).

2. **DISMISSES** Defendant Jessica Mora and **DIRECTS** the Clerk of Court to terminate Mora as a party to this civil action based on Plaintiff's failure to allege any plausible claims against her pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint upon Defendant Alfonso Ramos and to forward that summons to him along with a blank U.S.

.

Marshal Form 285 for Officer Ramos only. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the August 7, 2023 Order granting Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 8), so that Plaintiff may serve Officer Ramos. Upon receipt of this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285 as completely and accurately as possible, *include an address where Officer Ramos may be found and/or subject to service*, and return it to the U.S. Marshal according to the instructions the Clerk provides.

4. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and the summons issued by the Clerk upon Defendant Ramos at the address provided by Plaintiff on the USM Form 285 provided, and to file an executed waiver of personal service upon Ramos with the Clerk of Court as soon as possible after its return. Should Officer Ramos fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Returns with the Clerk of Court, include the date the summons, Complaint, and request for waiver was mailed to Defendant Ramos, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if Defendant Ramos is located within the United States and fails without good cause to sign and return the waiver requested by the U.S. Marshal on Plaintiff's behalf, the Court will impose upon Defendant Ramos any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendant Ramos, once served, to reply to Plaintiff's Complaint, *and any subsequent pleading Plaintiff may file in this matter naming him as a party*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone

that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Ramos, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant Ramos or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant or his counsel may be disregarded.

**IT IS SO ORDERED.**

Dated: February 27, 2024

_____
Hon. John A. Houston
United States District Judge