UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN CUNNINGHAM, JR., <br><br>Plaintiff, <br><br>v. <br><br>ALFONSO RAMOS, <br><br>Defendant. | Case No.: 23cv351-JAH (MSB) <br><br>**ORDER EXTENDING TIME FOR SERVICE** |

## I.  BACKGROUND

Plaintiff Melvin Lynn Cunningham, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On August 7, 2023, the Court screened Plaintiff's Complaint as required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and found that Plaintiff alleged plausible First and Eighth Amendment claims against Officer Ramos but failed to state any plausible claim against Officer Mora.  (ECF No. 8 at 5–8.)  The Court instructed Plaintiff that within forty-five days he could either: (1) file a Notice of Intent to proceed against only Officer Ramos, or (2) file an Amended Complaint correcting the Complaint's deficiencies.  (Id. at 9.)  On February 1, 2024, Plaintiff filed a Notice of Intent to proceed with his claims against only Officer Ramos.  (ECF No. 14.)

On February 27, 2024, the Court sent Plaintiff the IFP Package containing the Summons for Officer Ramos [ECF No. 17], a blank U.S. Marshal Form 285, a certified copy of the Complaint [ECF No. 1], and copies of the Court's August 7, 2023 Order [ECF No. 8] and February 27, 2024 Order [ECF No. 16].  (ECF No. 16 at 5–6.)  On July 12, 2024, the Summons was returned unexecuted.  (ECF No. 18.)  In an accompanying letter, the Litigation Coordinator at Richard J. Donovan Correctional Facility ("RJD") stated, "I am refusing service . . . due to the inability to identify any staff member with this name after a thorough search of our records and files to match the date and location provided in the complaint."  (Id. at 2.)  Finally, on August 19, 2024, Plaintiff filed a letter explaining: "I got a letter back stating they could not locate Alfonso Ramos with the information I provided and said they will not serve it.  I completed the form out to the best of my ability.  Mr. Ramos no longer works at R.J.D and I have no way to find him.  So can you please let me know how to proceed."  (ECF No. 19 at 1.)

## II.     DISCUSSION

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service[.]"  See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  However, a *pro se* plaintiff must "attempt to remedy any apparent service defects of which [he] has knowledge."  Id. at 274 (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)).

Here, more than ninety days have passed, and Defendant Ramos has not been served.  It appears the RJD Litigation Coordinator conducted a diligent search and was

unable to "identify any staff member" with the name "Alfonso Ramos." (ECF No. 18 at 2.) Plaintiff acknowledged receipt of the Litigation Coordinator's letter and is aware of the service defect; therefore, it is Plaintiff's responsibility to attempt to remedy this problem. See Puett, 912 F.2d at 274.

The Court construes Plaintiff's letter [ECF No. 19] as a request for extension of time to serve under Fed. R. Civ. P. 4(m) and **GRANTS** Plaintiff an extension of time to serve Defendant Ramos. The Court hereby:

1. **DIRECTS** the Clerk to re-issue a summons as to Plaintiff's Complaint upon Defendant Alfonso Ramos and to forward that summons to him along with another IFP Package containing a blank U.S. Marshal Form 285. Additionally, the Clerk will provide Plaintiff with a certified copy of this Order; the Complaint [ECF No. 1]; the August 7, 2023 Order granting Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 8]; and the February 27, 2024 Order directing U.S. Marshal Service [ECF No. 16].

2. **DIRECTS** Plaintiff, upon receipt of the IFP Package, to complete the U.S. Marshal Form 285 as completely and accurately as possible, *include an address where Defendant Ramos may be found and/or subject to service*, and return the IFP Package to the U.S. Marshal on or before **November 11, 2024**, according to the instructions the Clerk provides in the letter accompanying the IFP package. Plaintiff must provide additional information to the U.S. Marshal Service so it can locate and effectuate service on Defendant Ramos. Plaintiff shall promptly seek such information through any means available to Plaintiff, including through the California Public Records Act, Calif. Gov't. Code § 6250, et seq.

3. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Ramos as directed by Plaintiff on the completed U.S. Marshal Form 285. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Failure to comply with this Order may result in a recommendation for dismissal for failure to serve with process pursuant to Fed. R. Civ. P. 4(m).

   **IT IS SO ORDERED**.

Dated: September 26, 2024

Honorable Michael S. Berg
United States Magistrate Judge