UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LYNN CUNNINGHAM, JR.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALFONSO RAMOS,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv351-JAH (MSB)<br><br>**ORDER: (1) GRANTING EXTENSION OF TIME TO EFFECT SERVICE PURSUANT TO FED. R. CIV. P. 4(m);**<br><br>**(2) DIRECTING CLERK OF COURT TO CORRECT THE DOCKET AND RE-ISSUE SUMMONS UPON DEFENDANT ALBERTO RAMOS; AND**<br><br>**(3) ORDERING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO FED. R. CIV. P. 4(c)(3)** |

## I.   BACKGROUND

Plaintiff Melvin Lynn Cunningham, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 8.)  On August 7, 2023, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A; found Plaintiff alleged plausible First and Eighth Amendment claims against Defendant Ramos; dismissed Plaintiff's claims against Defendant Mora; and granted Plaintiff forty-five days leave to either file a Notice of

Intent to Proceed against Defendant Ramos or file an Amended Complaint. (ECF No. 8 at 5–9.) On February 1, 2024, Plaintiff filed a Notice of Intent to proceed against Defendant Ramos. (ECF No. 14.) On February 27, 2024, the Court dismissed Defendant Mora and directed the Clerk to issue a summons as to Plaintiff's Complaint upon "Defendant Alfonso Ramos." (ECF No. 16 at 5–6.) The Court further directed the U.S. Marshal to effect service upon Defendant pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). (Id. at 6.)

On July 12, 2024, the Summons was returned unexecuted. (ECF No. 18.) In an accompanying letter, the Litigation Coordinator at Richard J. Donovan Correctional Facility ("RJD") stated, "I am refusing service . . . due to the inability to identify any staff member with this name after a thorough search of our records and files to match the date and location provided in the complaint." (Id. at 2.) On August 19, 2024, Plaintiff filed a letter explaining: "I got a letter back stating they could not locate Alfonso Ramos with the information I provided and said they will not serve it. I completed the form out to the best of my ability. Mr. Ramos no longer works at R.J.D and I have no way to find him. So can you please let me know how to proceed." (ECF No. 19 at 1.) On September 26, 2024, the Court granted Plaintiff an extension of time to effect service and directed the Clerk to re-issue a summons as to Plaintiff's Complaint upon "Defendant Alfonso Ramos." (ECF No. 20 at 3.) In its Order, the Court noted it is Plaintiff's responsibility to remedy any service defects of which he has knowledge and directed Plaintiff to "provide additional information to the U.S. Marshal Service so it can locate and effectuate service." (Id. (citing Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).)

## II.   DISCUSSION

Presently before the Court are two letters filed by Plaintiff on October 8, 2024. (See ECF Nos. 22–23.) In the first letter, Plaintiff explains that he recently learned Defendant's correct name is "**Alberto** Ramos," not "Alfonso Ramos." (ECF No. 22 at 1 (emphasis added).) Plaintiff believes the erroneous first name is the reason the RJD Litigation Coordinator has been unable to locate Defendant. (Id.) In the second letter,

Plaintiff reiterates that upon reviewing an incident report summary, he learned Defendant's correct name is "Alberto Ramos." (ECF No. 23 at 1.) Plaintiff asks the Court for guidance of how to proceed now that he knows Defendant's correct first name is "Alberto." (Id.) The Court liberally construes the letters as a request for an extension of time to execute service on Defendant. See Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.")

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service[.]" See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, a *pro se* plaintiff must "attempt to remedy any apparent service defects of which [he] has knowledge." Id. at 274 (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)).

Here, it appears Plaintiff's inability to effectuate service upon Defendant Ramos was due to the erroneous use of the first name "Alfonso." After the Court instructed Plaintiff to provide additional information to the U.S. Marshal Service, Plaintiff discovered Defendant Ramos's correct first name, "Alberto," and notified the Court of this mistake. (ECF Nos. 22–23.) Thus, the Court finds Plaintiff has established good cause for his failure to serve Defendant Ramos up to this point. See Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding a district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service retroactively after the service period has expired).

The Court **GRANTS** Plaintiff's request for an extension of time to effect service pursuant to Fed. R. Civ. P. 4(m).  Further, the Court:

1. **DIRECTS** the Clerk of Court to correct the docket by replacing "Alfonso Ramos" with "**Alberto** Ramos" as the Defendant.

2. **DIRECTS** the Clerk of Court to re-issue a summons as to Plaintiff's Complaint upon Defendant Ramos and to forward that summons to Plaintiff along with a blank U.S. Marshal Form 285.  In addition, the Clerk will provide Plaintiff with certified copies of this Order; the Complaint [ECF No. 1]; the August 7, 2023 Order granting Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 8]; the February 27, 2024 Order directing U.S. Marshal Service [ECF No. 16]; and the September 26, 2024 Order extending time for service [ECF No. 20].

3. **DIRECTS** Plaintiff, upon receipt of this "IFP Package," to complete the U.S. Marshal Form 285 as completely and accurately as possible, *include an address where Defendant Ramos may be found and/or subject to service*, and return the IFP Package to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package, **no later than November 8, 2024.**

4. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Ramos as directed by Plaintiff on the U.S. Marshal Form 285 provided and file an executed waiver or proof of personal service upon Defendant Alberto Ramos with the Clerk of Court **no later than December 6, 2024**.  All costs of U.S. Marshal service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on behalf of Plaintiff, the Court will impose upon the Defendant any expenses later incurred in making service.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendant Ramos, once served, to reply to Plaintiff's Complaint, *and any subsequent pleading Plaintiff may file in this matter naming him as a party*, within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a) and 15(a)(3).

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Ramos, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant Ramos or his counsel, and the date of that service. See S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: October 15, 2024

Honorable Michael S. Berg
United States Magistrate Judge